UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROBERT L. DAVIS,

    Plaintiff,

v.                                                                                  Case No. 4:21-cv-348-MW-MJF

JIMMY PATRONIS and MARK
INCH,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Robert L. Davis, DC# 652400, has filed a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1). Plaintiff also submitted a motion for leave to proceed *in forma pauperis*. The undersigned recommends that this case be dismissed without prejudice under 28 U.S.C. § 1915(g).[1]

### I. BACKGROUND

Davis is an inmate of the Florida Department of Corrections ("FDC") currently confined at Walton Correctional Institution ("Walton CI"). (Doc. 1 at 2). Walton's complaint names two Defendants: FDC Secretary Mark Inch and Jimmy

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Patronis, the Chief Financial Officer of Florida. (Doc. 1 at 1). Davis challenges the authority of the FDC to apply the proceeds of his "stimulus check" and the funds in his inmate trust account to his accrued indebtedness. He asserts that this withdrawal of funds from Davis's inmate trust account to satisfy liens violates the First, Fifth, and Fourteenth Amendments to the United States Constitution. (*Id.* at 3).

## II. DISCUSSION

The Prison Litigation Reform Act of 1995 prohibits a prisoner from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or failure to state a claim. *See* 28 U.S.C. § 1915(g). The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma*

*pauperis* pursuant to the provisions of § 1915(g)," because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).

Judges in this District previously have noted that Davis has accrued three strikes.[2] *Davis v. Crew*, No. 4:13-cv-191-MW-CAS (ECF No. 4) (N.D. Fla. Apr. 12, 2013), *report and recommendation adopted*, No. 4:13-cv-191-MW-CAS (ECF No. 6) (N.D. Fla. May 1, 2013); *Davis v. McNeil*, 4:10-cv-150-MP/WCS (ECF No. 5) (N.D. Fla. May 4, 2010), *report and recommendation adopted*, 4:10-cv-150-MP/WCS (ECF No. 6) (N.D. Fla. Aug. 25, 2010). Plaintiff has incurred at least four additional strikes:

1. *Davis v. Murphy*, 8:01-cv-01209-JDW (M.D. Fla. June 25, 2001) (dismissed for failure to state a claim upon which relief can be granted);

2. *Davis v. Delcos*, No. 8:20-cv-322-CEH-TGW (M.D. Fla. July 6, 2021) (dismissed for failure to state a claim upon which relief can be granted);

---

[2] Under Federal Rule of Evidence 201(b), a court may "take judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).

3.    *Davis v. Easterling*, No. 8:00-cv-02046-SDM (M.D. Fla. Nov. 13, 2000) (dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994));

4.    *Davis v. Easterling*, No. 01-10013-I (11th Cir. Dec. 19, 2001) (dismissed because the appeal was frivolous).

Because Davis has accrued *at least* three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown*, 387 F.3d at 1349. To fall within this exception, Davis's complaint must include "specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Construed liberally, Davis's allegation—that Defendants unlawfully withdrew funds from Davis's inmate trust account to cover his debts—fails to make a colorable showing that Davis is in imminent danger of serious physical injury. Because Davis is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he filed this lawsuit, this case should be dismissed without prejudice under § 1915(g). *See Dupree*, 284 F.3d 1236 ("The prisoner cannot simply

pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit.").

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Davis's motion for leave to proceed *in forma pauperis* (Doc. 2) be **DENIED**.

2. This action be **DISMISSED**, pursuant to 28 U.S.C. § 1915(g), without prejudice to Davis initiating a new cause of action accompanied by payment of the $402.00 filing fee in its entirety.

3. The clerk of court close this case file.

At Pensacola, Florida, this 27th day of August, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal**

**conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**